# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: The Marriage of:

John T.,
**Petitioner Below, Petitioner**

**vs.)   No. 19-0765** (Hancock County 18-D-14 MJO)

Angel T.,
**Respondent Below, Petitioner**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John T.,[1] self-represented litigant, appeals the July 31, 2019, order of the Circuit Court of Hancock County denying his appeal from the April 22, 2019, order of the Family Court of Hancock County modifying his child support obligation. Respondent Angel T., by counsel Steven E. Dragisich, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married in Pennsylvania on August 25, 2007, and subsequently had three children. During their marriage, the parties resided in South Carolina, and they were divorced by a November 28, 2017, order of the Family Court of Richland County, South Carolina ("the South

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

Carolina Family Court"). The South Carolina Family Court found that the parties' divorce was precipitated by an attack on respondent by petitioner, which occurred "in the parties' home in the presence of the parties' three minor children on the evening of January 9, 2016." Relevant here, the South Carolina Family Court awarded respondent the custody of the minor children and set petitioner's child support obligation at $1,163 per month.

Petitioner presently lives in Pennsylvania, and respondent and the children reside in Hancock County, West Virginia. Pursuant to West Virginia Code § 48-16-603(a),[2] the South Carolina Family Court's November 28, 2017, order was registered in the Family Court of Hancock County ("the Hancock County Family Court" or "family court") on January 22, 2018.[3]

On February 16, 2018, petitioner filed a petition to modify his child support obligation because he was no longer earning income. Respondent filed a response to the petition on March 21, 2018. By order entered on January 29, 2019, after communicating with the South Carolina Family Court,[4] the Hancock County Family Court determined that a February 28, 2018, appeal filed by petitioner from the South Carolina Family Court's November 28, 2017, order did not include the issue of child support, and, therefore, the enforceability of the November 28, 2017, order was not stayed under South Carolina law as to that issue. Accordingly, the Hancock County Family Court found that it was appropriate to set a hearing on the petition to modify petitioner's support obligation.

At an April 9, 2019, hearing, petitioner testified that he was laid off from his job as a chemist at a nuclear power facility in South Carolina but received monthly separation payments from his former employer until February 2018. Petitioner further testified that he relocated to Pennsylvania in January 2018 and that while he was currently unemployed, he was making diligent efforts at finding a job. Petitioner stated that he had job offers rescinded after background checks disclosed his misdemeanor conviction for third-degree criminal domestic violence relating to the January 9, 2016, incident that precipitated the parties' divorce.[5] Petitioner further stated that he

---

[2] West Virginia Code § 48-16-603(a) provides that "[a] support order or income withholding order issued in another state or a foreign support order is registered when the order is filed in the registering tribunal of this state."

[3] While respondent's relocation with the children to Hancock County, West Virginia, was approved by the South Carolina Family Court in its November 28, 2017, order, respondent was able to effectuate the relocation before the entry of that order because she had the South Carolina Family Court's prior permission to do so.

[4] West Virginia Code § 48-16-317 permits communication with a tribunal in a different jurisdiction regarding "the laws, the legal effect of a judgment, decree, or order of that tribunal and the status of a proceeding."

[5] Petitioner was originally charged with second-degree criminal domestic violence, but entered an *Alford* plea, without an admission of guilt, to third-degree criminal domestic violence. (continued . . .)

2

was unable to have his conviction expunged because respondent did not consent to the expungement. Petitioner asked for a deviation from the child support guidelines given his unemployed status and further requested to be awarded his litigation expenses.

Respondent testified that she worked as an enrollment consultant, reviewing insurance applications, at the Aetna Insurance Company, beginning in August 2017, and that she was hired on a full-time basis in January 2018. Respondent further stated that from April 2019, she would be earning $16.20 per hour and that the parties' children received health insurance through her employer. Respondent testified that the last child support payment she received from petitioner was on July 1, 2018.

By order entered on April 22, 2019, the family court found that there was a substantial change in circumstances in that petitioner went from a high skill, high-paying job in South Carolina (prior to being laid off) to experiencing a period of unemployment following his relocation to Pennsylvania. For the period from February 20, 2018, to July 1, 2018, the family court found that the payments made by petitioner during that period satisfied his child support obligation under the November 28, 2017, order. For the period from July 1, 2018, through June 30, 2019, the family court found that petitioner owed no child support due to being unemployed. For the period of July 1, 2019, through December 31, 2019, the circuit court found that it was appropriate to attribute minimum wage income to petitioner, but deviated from the child support guidelines to set his child support obligation at $300 per month rather than $335.64 per month given "the employment difficulties [p]etitioner is facing."

For the period commencing on January 1, 2020, "until further [c]ourt [o]rder," the family court found that it was appropriate to attribute the same level of income being earned by respondent, $2,808 per month, finding that petitioner was capable of performing a similar type of office work as respondent. Accordingly, the family court set petitioner's child support obligation from January 1, 2020, at $518.72. The family court found that the support obligation for this period would not reduce petitioner's income "to a level below [the] federal poverty level." The family court further noted that it was possible for child support to continue until a child reaches twenty years of age.

With regard to the children's medical expenses not covered by insurance, the family court found that for the period from March 1, 2018, through June 30, 2019, respondent was responsible for the entirety of those expenses. For the period from July 1, 2019, through December 31, 2019, the family court found that petitioner was responsible for 30% of uncovered expenses and that respondent was responsible for 70% of those expenses. For the period commencing on January 1, 2020, the family court found that petitioner was responsible for 41% of uncovered expenses and that respondent was responsible for 59% of those expenses. Finally, the family court denied petitioner's request to be awarded his litigation expenses.

On May 22, 2019, petitioner filed an appeal from the family court's April 22, 2019, order modifying his child support obligation in the Circuit Court of Hancock County. Petitioner alleged

---

*See North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 167-68, 27 L.Ed.2d 162, 171-72 (1970).

that it was error for the family court to attribute income to him for two of the subject time periods. Petitioner further alleged that it was error for the family court to find him responsible for a portion of the children's uncovered medical expenses for other time periods. While the family court deviated from the child support guidelines as requested by petitioner, he contended that the family court's calculations of his child support obligation and its allocation of responsibility for the children's uncovered medical expenses prejudiced him given his unemployed status. Petitioner objected to the family court's denial of his request to be awarded his litigation expenses. Finally, petitioner contended that the family court violated West Virginia Code § 48-16-611(c), alleging that the court impermissibly increased the duration of child support beyond that allowed by South Carolina law. Respondent filed a response on June 5, 2019.

By order entered on July 31, 2019, the circuit court found that petitioner's arguments were "confusing and unclear," which the court addressed "to the best of [its] ability." The circuit court denied petitioner's appeal, finding that his arguments failed to demonstrate that any of the family court's findings and/or rulings were erroneous or outside of the discretion afforded to the family court regarding the issues raised on appeal.

Petitioner now appeals the circuit court's July 31, 2019, order denying his appeal from the family court's April 22, 2019, order. When we review circuit court orders denying appeals from family court orders, "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

In the instant appeal, petitioner simply reiterates the assignments of error raised in the appeal filed in the circuit court: (1) the family court committed error in attributing income to him for two of the subject time periods; (2) the family court committed error in finding him responsible for a portion of the children's uncovered medical expenses for other time periods; (3) while the family court deviated from the child support guidelines as requested by petitioner, the family court's calculations of his child support obligation and its allocation of responsibility for the children's uncovered medical expenses prejudiced him given his unemployed status; (4) the family court committed error in denying his request to be awarded his litigation expenses; and (5) the family court violated West Virginia Code § 48-16-611(c). Conversely, respondent argues that the circuit court properly denied the appeal from the family court's order modifying petitioner's child support obligation. We agree with respondent.

"Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but [which] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Here, upon reviewing petitioner's brief and his reply to respondent's response, we concur with the circuit court's finding that petitioner's arguments are "confusing and unclear."

We further note that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194

4

W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). Here, the family court heard the parties' testimony and observed their demeanor at the hearing on petitioner's petition to modify his child support obligation. With regard to the first four of petitioner's assignments of error, we summarily reject his arguments, concurring with the circuit court's finding that he fails to demonstrate that any of the family court's findings and/or rulings were erroneous and/or outside of the discretion afforded to the family court regarding those issues.

Petitioner's fifth assignment of error, the duration that child support may continue under South Carolina law, is a question of law, which, pursuant to the Syllabus of *Carr*, we review de novo. West Virginia Code § 48-16-611(c) provides that "[a] tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state, including the duration of the obligation of support."

South Carolina Code § 63-3-530(A)(17) provides, in pertinent part, that a child support order:

> run[s] until the child turns eighteen years of age or until the child is married or becomes self-supporting, as determined by the court, whichever occurs first, or past the age of eighteen years if the child is enrolled and still attending high school, not to exceed high school graduation or the end of the school year after the child reaches nineteen years of age, whichever is later; . . . or in the discretion of the court, to provide for child support past age eighteen when there are . . . other exceptional circumstances that warrant the continuation of child support beyond age eighteen for as long as the . . . exceptional circumstances continue.

The analogous West Virginia statute, West Virginia Code § 48-11-103(a), provides:

> An order for child support shall provide that payments of such support continue beyond the date when the child reaches the age of eighteen, so long as the child is unmarried and residing with a parent, guardian or custodian and is enrolled as a full-time student in a secondary educational or vocational program and making substantial progress towards a diploma: *Provided*, That such payments may not extend past the date that the child reaches the age of twenty.

Petitioner argues that because South Carolina Code § 63-3-530(A)(17) ordinarily terminates child support at "the end of the school year after the child reaches nineteen years of age," the family court erred in finding that child support in this case may continue until age twenty pursuant to West Virginia Code § 48-11-103(a). We disagree.

In *McLeod v. Starnes*, 723 S.E.2d 198 (S.C. 2012), the Supreme Court of South Carolina held that South Carolina Code § 63-3-530(A)(17) permits the family court to award college expenses if certain conditions are met and that requiring a parent pay for post-secondary education is "an incident of child support." 723 S.E.2d at 204. Therefore, we find that the family court's finding that child support in this case may continue until age twenty did not violate West Virginia Code § 48-16-611(c)'s prohibition against increasing the duration of child support, as both

5

statutory and case law of the issuing state, South Carolina Code § 63-3-530(A)(17) and *McLeod*, permit child support to continue beyond age twenty in some circumstances, including college attendance. Accordingly, we conclude that the circuit court's denial of petitioner's appeal from the family court's order modifying his child support obligation was proper.

For the foregoing reasons, we affirm the circuit court's July 31, 2019, order denying the appeal from the family court's April 22, 2019, order modifying petitioner's child support obligation.[6]

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[6]Respondent raises a cross-assignment of error, arguing that the family court made a "clerical error" in calculating petitioner's child support obligation for the period commencing January 1, 2020. Rule 28(f) of the West Virginia Rules of Practice and Procedure for Family Court ("family court rules") provides, in pertinent part, that "[w]ithin fifteen days after the filing of the petition for appeal, the respondent may file a cross-petition for appeal." Here, respondent did not file a cross-petition for appeal. Accordingly, we decline to consider respondent's cross-assignment of error as the issue was not presented to the circuit court. Syl. Pt. 6, *Parker v. Knowlton Const. Co., Inc.*, 158 W. Va. 314, 210 S.E.2d 918 (1975), *overruled on other grounds*, *Gibson v. Northfield Ins. Co.*, 219 W. Va. 40, 631 S.E.2d 598 (2005) (holding that while cross-assignments of error are permitted, this Court "is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review"); Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) (holding that this Court will not pass upon a nonjurisdictional question not decided by the lower court). However, we note that pursuant to Family Court Rule 25 and West Virginia Code § 51-2A-10(a)(4), respondent may file a motion to correct any clerical error in the family court's child support calculation. Nothing in this memorandum decision should be interpreted to limit respondent's ability under Family Court Rule 25 and West Virginia Code § 51-2A-10(a)(4).